PeARSOh, C. J.
 

 Mere silence on the part of a sheriff, in respect to tlie levy of an execution which he has in his hands, when property subject to its lien is exposed to sale in his presence, is not sufficient to make him liable in an action on the case for a deceit. But if he
 
 says
 
 or
 
 does
 
 any thing intended and calculated to create the impression that there is no lien, and that a purchaser from the defendant in the execution will get a good title, he will be liable to the action.
 

 There was evidence in this case tending to prove the deceit which ought to have been left to the jury, i. e., the proclamations made by the crier and Murchison, when the tract, of land was offered; the private conversation between the plaintiff and defendant, and the defendant’s
 
 lidding
 
 for the plaintiff, and other circumstances, such as the fact that the defendant in the execution was indebted to the defendant, and that his uncle, Murchison, who had busied himself about the sale, was deeply involved on his account.
 

 
 *503
 
 We also concur with his honor upon the question of law.
 
 Cmeat emptor
 
 is the rule in actions for deceit; but the fact of a levy or of the intention of the sheriff to insist upon the lien, of the execution, or to forego it because of certain arrangements which the defendant in the execution had made, and upon which the sheriff was willing to rely, so as to permit a sale, are peculiarly within the knowledge of the sheriff, and even a very cautious man might reasonably rely upon his representations in regard to them. There is no error.
 

 Pee Oueiam, Judgment affirmed.